```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LISA HARRIS

vs.                              Case No.   2:06-cv-410-FtM-33SPC

UNITED STATES OF AMERICA
_____/

### ORDER

This cause comes before the Court pursuant to the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1), filed on August 14, 2006.  On October 13, 2006, the government filed a response (Doc. #8).  For the reasons stated below, the Court denies the motion.[1]

**I. Background**

A four count superseding indictment was returned against Harris on May 25, 2005.  The indictment included counts for (1) distribution of a quantity of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), (2) possession with intent to distribute five grams or more of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), (3) possession with intent to distribute fifty grams or more of cocaine base, crack cocaine, in violation of §§ 841(a)(1) and 841(b)(1)(A)(iii), and (4) conspiracy to possess

---

[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary in this matter.

with intent to distribute five grams or more of cocaine base, crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii).

Harris entered into a plea agreement with the government. Pursuant to the plea agreement, Harris pleaded guilty to counts three and four of the superseding indictment. In exchange and in accordance with the plea agreement, the government dismissed counts one and two of the superseding indictment. Pursuant to the plea agreement, the government recommended that Harris be sentenced in accordance with the United States Sentencing Guidelines, receive the maximum reduction for acceptance of responsibility, receive a sentence at the low end of the guideline range, and receive consideration for any substantial assistance.

On September 1, 2005, Harris appeared before the magistrate and, pursuant to the plea agreement, pleaded guilty to counts three and four of the superseding indictment. The magistrate conducted a Federal Rule of Criminal Procedure 11 colloquy, including advising Harris of the plea agreement's provision waiving the right to appeal or to collaterally attack the sentence. On September 8, 2005, the Court accepted the plea and, on November 30, 2005, Harris was sentenced. Harris' applicable guideline range was 262-327 months. The Court sentenced Harris to 235 months.

Harris' motion is hard to follow. However, it appears that Harris' arguments are rooted in Harris' belief that (1) the career

enhancement should not have been applied and (2) the imposed sentence constituted a violation of the Blakely/Apprendi/Booker principles, since the Court accounted for quantity of drugs at sentencing.  Harris blames the Court, the government and her attorney for these alleged errors.  The Court interprets her motion to assert the following arguments:

> (1) Defense counsel was ineffective because:
>
>> a. Counsel failed to object to Harris being classified as a career offender.
>>
>> b. "Counsel was not forthright or truthful and plainly took advantage of the established fact that Petitioner Harris cannot read." (Doc. #2 at 3-4.)
>
> (2) As a result of the ineffective assistance, the plea was not knowing and voluntary.
>
> (3) the government breached the plea agreement by supporting the career offender enhancement, and the government erred in not filing a 21 U.S.C. § 851(a)(1) notice of enhancement.
>
> (4) the Court erred in departing from the guideline range; and
>
> (5) The Court violated the principles advanced in the Blakely/Apprendi/Booker line of cases by accounting for quantity of drugs at sentencing.

On these arguments, Harris requests that the Court vacate her sentence and resentence her without the career offender enhancement.  In response, the government argues that the Court should dismiss the motion because, inter alia, in her plea agreement, Harris waived the right to collaterally attack her sentence.

3

**III. Analysis**

Harris' plea agreement, in pertinent part, provided as follows:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. #107 at 10-11, 2:04-cr-104)(emphasis in original)

Like appeal waivers, waivers against collateral attack, such as through a § 2255 motion, are valid if made knowingly and intelligently. <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005)(citing <u>United States v. White</u>, 307 F.3d 336, 341-44 (5th Cir. 2002); <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 508-09 (2d Cir. 2001); <u>Davila v. United States</u>, 258 F.3d 448, 451-52 (6th Cir. 2001); <u>United States v. Cockerham</u>, 237 F.3d 1179, 1183-87 (10th Cir. 2001); <u>Mason v. United States</u>, 211 F.3d 1065, 1069-70 (7th Cir. 2000)). For the waiver to be enforceable, "'the government must show that either (1) the . . . court specifically

4

questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. at 1341(quoting United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  Here, Harris agreed to permit the magistrate to take the guilty plea (Doc. #102, 2:04-cr-104), and the magistrate specifically questioned Harris on the waiver.  As such, the appeal waiver is enforceable.

Several of Harris' arguments, including ineffective counsel at sentencing and Blakely/Apprendi/Booker violations, are clearly covered by the waiver, and thus relinquished.  See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.")(citing United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000)); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005)("the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal.") Accordingly, the Court need not

address these arguments.

However, Harris has framed several of her arguments in such a manner that the Court cannot simply identify the waiver as grounds for dismissal. As such, the Court will examine them further. Namely, the Court will address Harris' arguments (1) that the government breached the plea agreement and failed to provide a § 851 notice;[2] (2) that the Court departed above the guideline range;[3] and (3) that her attorney was ineffective in entering or negotiating the plea and that the plea was not knowing and voluntary.[4] The Court addresses these surviving arguments in turn.

**A. Government Breach, Court Error in exceeding the Guideline range and Government Failure to provide § 851 notice.**

Each of these arguments is without merit. As to breach,

---

[2] See United States v. Cochran, 199 Fed. Appx. 784 (11th Cir. 2006)(addressing appellant's plea agreement breach arguments despite the existence of an appeal waiver).

[3] One of the exceptions to the appeal waiver is the imposition of a sentence that exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines.

[4] "The Williams court recognized that 'there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea agreement.' Williams, 396 F.3d at 1342 n.2. There is an open question in the Eleventh Circuit as to whether an appeal waiver in a plea agreement waives an ineffective assistance of counsel claim premised upon counsel's performance in negotiating the plea agreement. This Court renders no opinion as to whether an appeal waiver applies to such a claim." Guyadeen v. United States, 3:04-cv-1143-J-32MCR, 2006 U.S. Dist. LEXIS 30320, at 6 n. 2 (M.D. Fla. May 17, 2006). Similarly, this Court renders no opinion. However, the Court will analyze the argument.

Harris contends that "[t]he government breached the plea agreement because it stipulated in the agreement to a guideline calculation that did not include the career offender enhancement." (Doc. #2 at 9.) The Court has reviewed the plea agreement (Doc. #107, 2:04-cr-104), and it contains no such stipulation. Therefore, this argument fails.

Harris' guideline argument is equally without merit. As noted, the plea agreement provides that Harris waives her appeal except on the grounds, inter alia, that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines. The Court determined Harris' guideline range to be 262-327 months. (Doc. #8.) At sentencing, The Court granted Harris' motion for a § 4A1.3(b) downward departure, making the guideline range 235-293 months. (Doc. #124, 2:04-cr-104.) The Court sentenced Harris to 235 months. As such, the Court did not exceed the Court-determined guideline range, as Harris argues. For that reason, Harris' guideline argument fails. Lastly, as the Court sentenced Harris within the permissible statutory range, a § 851 notice was not necessary. Young v. United States, 936 F.2d 533, 535-36 (11th Cir. 1991)("the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls

7

within the permissible statutory range.")

**B. Ineffective Assistance of Counsel**

Reading the petition liberally, the Court interprets Harris' contentions that her lawyer was not truthful, as a claim that (1) her plea was not knowing and voluntary because she did not know that she would be subject to a career offender enhancement; and (2) that her lawyer was ineffective in negotiating or entering the plea. These arguments are unsustainable.

As to whether the plea was knowing and voluntary, even assuming that Harris' attorney represented to Harris that she would not be subject to a career offender enhancement, "a defendant's reliance on an attorney's mistaken impression about the length of [her] sentence [including the applicability of a career offender enhancement] is insufficient to render a plea involuntary as long as the court informed the defendant of [her] maximum possible sentence . . . ." United States v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005)("[T]he district court considered but rejected [petitioner's] argument that he should be allowed to withdraw his plea because his attorney never advised him of the possibility of being sentenced as a career offender."). Here, the magistrate informed Harris of the maximum possible sentence. Accordingly, Harris' argument fails.

Equally, Harris' argument that her counsel was ineffective in negotiating or entering the plea fails. "[Harris'] counsel's

8

failure to advise [her] that [she] may be classified as a career offender did not amount to ineffective assistance of counsel." <u>Id.</u> at 230.

To the extent that the Court has not specifically addressed any of Harris' allegations, those allegations have been found to be without merit.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>2nd</u> day of July, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
AUSA
Counsel of Record